UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD A. SANFORD, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1139-JDT-cgc |
| | ) | |
| CORECIVIC, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER TO MODIFY THE DOCKET AND
DENYING PENDING MOTIONS (ECF Nos. 3, 4, 5, 13 & 14)

On June 28, 2019, Plaintiff Gerald A. Sanford, Sr., currently incarcerated at the South Central Correctional Facility (SCCF), in Clifton, Tennessee,[1] filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis* in the U.S. District Court for the Middle District of Tennessee. (ECF Nos. 1 & 2.) Sanford also filed motions for service on the Defendants, to set a hearing on the motion, and for a preliminary injunction or temporary restraining order. (ECF Nos. 3, 4, & 5.) United States District Judge William L. Campbell, Jr., granted the motion to proceed *in forma pauperis*

---

[1] The docket lists Sanford's address as the Hardeman County Correctional Facility (HCCF). The envelopes attached to his latest motions, however, list his address as the SCCF. (ECF Nos. 13-2 & 14-2.) The Tennessee Department of Correction (TDOC) website also lists Sanford's current location as the SCCF. The Clerk is therefore DIRECTED to modify the docket to update Sanford's address to the SCCF. Sanford is instructed that he is responsible for notifying the Court of any future change of address.

and transferred Sanford's complaint to this Court, where Sanford again filed motions for service and to set a hearing. (ECF Nos. 13 & 14.)

Sanford's complaint has not yet been screened in accordance with 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Because his complaint is still in the screening phase, and the Court has not yet directed that any Defendant should be served with process, his motions for service and a hearing are premature. Those motions (ECF Nos. 3, 4, 13 & 14) are therefore DENIED.

Sanford also seeks a preliminary injunction or temporary restraining order preventing the TDOC and CoreCivic from transferring him or otherwise acting in retaliation for filing this lawsuit. (ECF No. 5.) He asserts that it is necessary that he remain at HCCF. (*Id.* at PageID 44.) As noted, however, Sanford is no longer incarcerated at HCCF and has been transferred to SCCF. Moreover, the Court does not have the authority to supervise the assignment of an inmate to a particular facility. Nor does an inmate have a protected right to be assigned to a particular prison, security classification, or housing assignment. *See Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Meachum v. Fano*, 427 U.S. 215, 225 (1976); *Montanye v. Haymes*, 427 U.S. 236, 243 (1976). Sanford's request to remain at HCCF is therefore moot, and his motion for a preliminary injunction or temporary restraining order (ECF No. 5) is DENIED.

IT IS SO ORDERED.

    s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE