UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| GERALD A. SANFORD, SR., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 19-1139-JDT-cgc |
| | ) | |
| CORECIVIC and AARON IVEY, | ) | |
| | ) | |
|     Defendants. | ) | |

ORDER DISMISSING CASE WITHOUT PREJUDICE,
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

The Court issued an order on November 18, 2019, partially dismissing the complaint filed by the *pro se* prisoner Plaintiff, Gerald A. Sanford, Sr., finding that Sanford had stated a claim against the remaining Defendant, Aaron Ivey. (ECF No. 17.) However, process could not be issued because Sanford did not provide any information about Ivey's current location. (ECF No. 1 at PageID 6-7 (alleging that Ivey was fired from his position at the Hardeman County Correctional Facility).) The Court therefore directed the Clerk to issue a third-party subpoena directing CoreCivic to provide either Ivey's last known home address and telephone number or his current place of employment. (ECF No. 17 at PageID 75.) In compliance with the subpoena, CoreCivic provided Ivey's last known contact information. (ECF No. 20.)

Process was issued for Ivey using the home address provided by CoreCivic, but the documentation accompanying the U.S. Marshal's return on the summons was unclear regarding the identity of the person who signed the delivery receipt. (ECF No. 25.) The Court then ordered process re-issued and directed the Marshal to attempt personal service on the Defendant. (ECF No. 26.) Due to restrictions related to the Covid-19 pandemic, that attempt was not made. (ECF No. 30.) Consequently, on April 14, 2021, the Court again ordered that process be re-issued so the Marshal could attempt to personally serve Defendant Ivey. (ECF No. 31.) That process was returned unexecuted on June 7, 2021; the Marshal noted on the return that an individual at Ivey's last known address stated he no longer lived there and she did not know when she would see him again. (ECF No. 33 at PageID 123.)

On June 8, 2021, the Court ordered Sanford to provide to the Court, within thirty days, any additional information he may have concerning Defendant Ivey's current location. (ECF No. 34.) Sanford was warned that if he was unable to provide further information this case would be dismissed. (*Id.* at PageID 127.)

Sanford filed a response to the Court's order on July 8, 2021. (ECF No. 35.) Based on the statement of the individual who spoke to the Marshal at Ivey's last known address, Sanford asserts Defendant Ivey is evading service. He requests the Court to order CoreCivic to provide Ivey's social security number so the Marshal can track and locate him. (*Id.* at PageID 129.) The Court declines to take such a step.

Though a court should take reasonable steps to ensure that process is served when the plaintiff is incarcerated, it is not the Court's responsibility, nor that of the Marshal, to

take extraordinary measures to locate a defendant.[1]  The Court obtained Ivey's last known contact information, and Sanford's assertion that he is evading service is purely speculative.  Therefore, under these circumstances, the Court finds this case should be dismissed.

Accordingly, this case is DISMISSED WITHOUT PREJUDICE in its entirety for failure to serve process, pursuant to Federal Rule of Civil Procedure 4(m).

It is CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a), that an appeal by Sanford would not be taken in good faith.  Leave to appeal *in forma pauperis* is DENIED.

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                                 s/ **James D. Todd**
                                                                 JAMES D. TODD
                                                                 UNITED STATES DISTRICT JUDGE

---

[1] Simply obtaining Ivey's social security number would not reveal his location.